UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WALTER PEGUES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3008 |
| | ) | |
| ALFREDA KIBBY, | ) | |
| SHAN JUMPER, | ) | |
| and FORREST ASHBY | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff Walter Pegues, detained in the Rushville Treatment and Detention Center ("Rushville") has filed a Complaint [1], pursuant to 42 U.S.C. § 1983, against Defendants Shan Jumper and Forrest Ashby. Alfreda Kibby was terminated as a defendant on October 28, 2011, pursuant to Fed. R. Civ. P. 25(d). Plaintiff is detained by the Illinois Department of Human Services, pursuant to the Illinois Sexually Violent Persons Act. A Merit Review Order was written in this case by the Honorable Harold A. Baker allowing Plaintiff to proceed only on a claim that his First Amendment rights were violated. However, this Court takes judicial notice of a memorandum filed in this district in case number 11-CV-3337,

1

Schloss, et al., v. Ashby, et al. See Exhibit 1, the program director's memo, attached to the Complaint [1] in 11-CV-3337. Having reviewed that memorandum the Court concludes, as discussed infra, Plaintiff has failed to state a claim upon which relief may be granted.

## ALLEGATIONS

In his Complaint, Plaintiff alleges that although all Illinois Department of Human Services state mental health facilities are subject to the rules of Title 59 of the Illinois Administrative Code governing mental health, the defendants do not fairly apply the rules of Title 59. Plaintiff is not allowed the benefits and privileges granted to residents at all other state mental health facilities. Specifically, Plaintiff alleges that residents at all other state owned and operated mental health facilities are allowed to own a personal computer, but Plaintiff is not allowed this privilege. Plaintiff claims Rushville is the only facility where residents are not allowed to own a personal computer or laptop. Plaintiff claims that no safety and security concerns exist. He claims that the defendants' act of denying Plaintiff's ability to own a computer does not allow him access to all media. Plaintiff claims the Illinois Department of Human Service's policy to deny Plaintiff the ability to own a personal computer violates his rights under the First Amendment. Plaintiff also claims the defendants have also violated Plaintiff's

Fourteenth Amendment rights of equal protection.

## ANALYSIS

### State Law

First, a violation of state law is not, by itself, a violation of federal law. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law is not a ground for a federal civil rights suit."). "[T]his court has consistently held that '42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations . . . ." Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006), *quoting* Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir.2003). The Court notes that 59 Il ADC 109.20, par. 2, provides that the facility director may restrict the possession or use of computers, peripherals, modems, CDs, disks, software, or other equipment used with the computer for all individuals in a facility, when necessary to protect an individual or others from harm, provided that notice of such restriction shall be given to all individuals upon admission. Further, that Code provides that if it becomes necessary to restrict individuals who did not receive notice of the restriction upon admission, the professional responsible for overseeing implementation of an individual's services plan may, with the approval of the facility director, restrict the right to property when necessary to protect the

3

individual or others from harm. However, a federal court is not an enforcer of state laws and regulations. Accordingly, Plaintiff states no federal claim to the extent he alleges that
Defendants are violating the spirit or text of Title 59 of the Illinois Administrative Code.

**Access to Court**

Plaintiff's allegations regarding denial of access to the court do not state a claim. An access to the courts claim arises only when a plaintiff suffers an "actual injury" from the inability to pursue a nonfrivolous claim. Lewis v. Casey, 518 U.S. 343, 351 (1996); May v. Sheahan, 226 F.3d 876, 883 (7th Cir. 2000). Plaintiff identifies no legal action in which he suffered any prejudice.

**Equal Protection**

As to the Fourteenth Amendment Equal Protection claim, Plaintiff is not similarly situated to persons confined for treatment in other state mental health facilities. Plaintiff is in Rushville because he has been "convicted of a sexually violent offense, . . .[and is] dangerous because [he] . . . suffers from a mental disorder that makes it substantially probable that . . . [he] will engage in acts of sexual violence." 725 ILCS 207/5(f). Persons confined in other state mental health facilities may also be dangerous to themselves or others, but they do not fit

4

the statutory definition for sexually violent persons. If they did, they would be in Rushville. *See* Thielman v. Leean, 282 F.3d 478, 483 (7th Cir. 2002) ("facilities dealing with those who have been involuntarily committed for sexual disorders are 'volatile' environments whose day-to-day operations cannot be managed from on high."). In short, there is no equal protection claim because Plaintiff is not similarly situated to mentally ill persons held in other mental facilities. Additionally, Plaintiff's alleged differential treatment is rationally related to the fact that he is confined as a sexually violent person. *See* Thielman, 282 F.3d at 485 (upholding restraints used on sexually violent persons during transport and not on other mentally ill patients: "[I]t is not unreasonable for the State to believe that a person with a mental disorder of a sexual nature is qualitatively more dangerous than another mental patient who nonetheless threatens danger to himself or others.").

**Right to Own a Personal Computer**

Humane treatment means the adequate provision of life's basic necessities, not luxuries such as gaming consoles and other electronic equipment. *See, e.g.,* Murphy v. Walker, 51 F.3d 714, 718 (7th Cir. 1995)(pretrial detainee had no constitutional right to television or cigarettes); Roberts v. Cohn, 63 F.Supp.2d 921, 924 (N.D. Ind. 1999)("It is well established that prison inmates do not have a

constitutional right to use or possess typewriters and word processors.").

The only potential constitutional right implicated by denial of a personally owned computer might be the First Amendment, in the sense that Plaintiff does not have access to "all" media. Yet even if the First Amendment might be implicated, a viable First Amendment claim is not stated because, as discussed infra, the ban is reasonably related to the legitimate security concerns of the facility. *See* Turner v. Safley, 482 U.S. 78, 89 (1987)(setting forth legal standard for analyzing First Amendment claims by prisoners).

The security concerns are set forth in the program director's memorandum, attached to the Complaint [1] in case number 11-CV-3337, Schloss, et al., v. Ashby, et al.: "Advancements in technology have led to increased ability to obtain/store/ trade contraband and/or engage in unauthorized communications and other deceptive practices. Such practices threaten the safety and security of the facility and the community and interfere with the facility's therapeutic purposes."

Rushville administration has articulated a "valid, rational connection" between the ban and the security concern. Turner, 482 U.S. at 89. As the memo states, the security concerns arise from the expanding ability of many different kinds of electronics to obtain, store, and communicate information. Striking down this ban would negatively impact the guards' ability to discover contraband. As to

the other Turner factors, Plaintiff has alternate ways to exercise his First Amendment rights that do not require a computer, while the facility has no ready alternatives to avert the security problem posed by the electronics other than banning them. Plaintiff has access to the media through newspapers, magazines, television, and radio. He is not constitutionally required to have access to all media. *See* Singer v. Raemisch, 593 F.3d 529, 539 (7th Cir. 2010)(banning of fantasy role playing games was rationally related to legitimate penological interests and prisoner had alternative means of exercising right, such as possessing other reading materials or playing allowable games).

Though application of the Turner analysis is often premature at the motion to dismiss and merit review stage, *see* Lindell v. Frank, 377 F.3d 655, 657-58 (7th Cir. 2004), here the legitimate penological reasons for the rule are so obvious and well established that dismissal at this stage is proper. *See* Williams v. Wisconsin, 336 F.3d 576, 582 (7th Cir. 2003)(discussing Turner and affirming dismissal for failure to state a claim regarding parolee's travel restrictions and their incidental interference with his right to marry); Belton v. Singer, 2011 WL 2690595 *12 (D.N.J. 2011)(unpublished)(dismissing at pleading stage claim by sexually violent detainee challenging confiscation of gaming consoles and other electronics); Hedgespeth v. Bartow, 2010 WL 2990897 *7 (W.D. Wis. 2010)(unpublished)(on

summary judgment, finding that rule banning possession of video games and gaming equipment by sexually violent detainee was rationally related to legitimate security interests).

In short, the Court cannot hypothesize a plausible scenario under which the Constitution would require Rushville to permit its residents to possess personal computers or laptops. Such an order would ignore the substantial deference afforded the facility's administrators. *See* Beard v. Banks, 548 U.S. 521, 528 (2006)("[C]ourts owe 'substantial deference to the professional judgment of prison administrators.'")(quoted cite omitted).

IT IS THEREFORE ORDERED:

1) Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint is dismissed, in its entirety, with prejudice for failure to state a federal claim. The Clerk of the Court is directed to terminate this lawsuit in its entirety.

2) The Clerk of the Court is directed to attach a copy of Exhibit 1, that can be found attached to the Complaint [1] in case number 11-CV-3337, Schloss, et al., v. Ashby, et al., to this order.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues the plaintiff

plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED: December 13, 2011

FOR THE COURT:

                                  S/ Sue E. Myerscough
                                  SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE